Motor Freight Express and Adams Transit Co., Appellants, *v.* Public Service Commission.

Argued October 19, 1934.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*E. Mode Vale,* with him *Sterling G. McNees* and *Gilbert Nurick,* for appellants.

*Samuel Graff Miller,* with him *Paul H. Rhoads, E. Everett Mather, Jr.,* and *John Fox Weiss,* for appellee.

OPINION BY CUNNINGHAM, J., March 13, 1935:

Adams Transit Company, one of the appellants, is a certificated common carrier of freight by motor trucks over a route from Gettysburg to York and from York to East Berlin. For some time it has been accepting shipments from various points on its routes destined to points on the more extensive consolidated route of Motor Freight Express, the other appellant. The latter has also been accepting shipments from points on its route to those on that of Adams Transit Company. Such shipments are transferred at York; appellants also participate in joint rates.

Clauses (c) and (e) of Rule 5 of General Order No. 29, adopted by the commission on November 22, 1932, and effective January 1, 1933, prohibit appellants from continuing this practice, "unless application has been made for such right and approval granted."

The joint application of appellants for such approval was refused by the commission on April 9, 1934; their appeal, upon which we granted a supersedeas, is now before us for disposition.

That the commission has legal power to direct, approve or forbid the interchange of freight between two or more connecting carriers by motor trucks was decided by this court in the appeal of Motor Freight Express and Horn's Motor Express, Inc. v. Pub. Serv. Com., 117 Pa. Superior Ct. 165, 177 A. 490.

Therefore, the only question here involved is the

reasonableness of the order. In the report of the commission, filed in support of its order, we find the following:

Adams Transit Company "is authorized to transport property between York and Gettysburg and between York and East Berlin, Adams County. It has been transferring about one ton per month to Motor Freight Express at York, and receiving about two tons from that carrier, and included shipments to and from various points on the lines of the latter. Although there was some testimony, in addition to the statement of shipments made, it was not sufficient to justify the modification of the rights granted over this short route, so as to extend its service over the entire territory served by Motor Freight Express. We cannot find the change necessary or proper for the service, accommodation or convenience of the public and the application will be refused."

It should be noted that the commission made no finding in this case that there is adequate rail or authorized truck service available to shippers now using the connecting service of appellants. The evidence shows they are now giving a reliable, overnight, service upon a regular schedule between Gettysburg and East Berlin, Lancaster, Reading and Philadelphia.

The main objection of the commission seems to be that the granting of this application would have the effect of extending the service of the short routes of Adams Transit Company "over the entire territory served by Motor Freight Express." It is quite possible that the application was unreasonably broad. In the petition for a rehearing (denied by the commission) it was averred that appellants are ready to produce additional evidence of a demand for transfer service between Gettysburg and East Berlin and Philadelphia, Reading and Lancaster.

Our consideration of this record convinces us that

appellants should be afforded an opportunity to show, if they can, that an approval of their application, restricted and limited to designated points upon the routes of Motor Freight Express, would be proper for the service, accommodation and convenience of the shipping public.

The order is vacated and the record remitted to the commission for further proceedings not inconsistent with this opinion.